Argued February 3, reversed and remanded March 17, rehearing denied April 14, 1925.

## ROBERT L. COLLIS v. T. A. SUTHERLAND.

### (233 Pac. 1007.)

**Money Lent—Whether Transaction Constituted Case of Money Loaned Held for Jury.**

1. Whether transaction by which plaintiff conveyed property to defendant, who reconveyed it to another, receiving sale price thereof, after satisfying a mortgage, constituted a case of money loaned, *held* for jury.

**Appeal and Error—Jury's Findings are Conclusive on Appellate Court.**

2. Jury's findings are final and conclusive on appellate court.

---

See (1) 27 Cyc. 831; (2) 4 C. J. 853.

From Multnomah:  GUSTAV ANDERSON, Judge.

Department 2.

Plaintiff alleges:

''That heretofore and on or about the 7th day of September, 1920, the plaintiff herein, at the

---

2. See 2 R. C. L. 204.

special instance and request of the above-named defendant, loaned and advanced to said defendant the sum of $2,000, which said sum said defendant promised and agreed to repay plaintiff on demand, and that to secure the payment of said sum so advanced to said defendant, said defendant made, executed, and delivered to plaintiff an assignment of a purported one-third interest in a contract of sale.

"That heretofore and on or about the 7th day of October, 1920, the above-named plaintiff made due demand upon said defendant for the payment of said sum of $2,000, and at the same time tendered back to said defendant said interest in said contract of sale, but that said defendant refused, and has ever since refused and now refuses to pay plaintiff said sum of $2,000, or any part thereof, and has refused and now refuses to accept back said interest in said contract of sale, and plaintiff now tenders back to said defendant said one-third interest in said contract of sale and deposits the same in court duly assigned back to said defendant, and plaintiff further alleges that said sum of $2,000 is now long past due, owing, and unpaid from defendant to plaintiff."

Defendant joined issue by general denial, and on trial the jury found for plaintiff in the sum of $2,000, together with interest thereon as demanded in the complaint. Thereafter, on motion of defendant, the verdict and judgment entered thereon were set aside and a new trial ordered. Plaintiff appeals from the order granting a new trial.

REVERSED AND REMANDED. REHEARING DENIED.

For appellant there was a brief and oral arguments by *Mr. Joseph K. Carson, Jr.,* and *Mr. William G. Smith.*

For respondent there was a brief over the name of *Messrs. Wood, Montague & Matthiessen,* with an oral argument by *Mr. M. M. Matthiessen.*

BELT, J.—1. The vital question in this case is whether there is any evidence to support the finding of the jury that plaintiff loaned to the defendant the sum of $2,000, as alleged in the complaint. Defendant contends there is a failure of proof in this respect, and by reason thereof the trial court was right in setting aside the verdict and granting a new trial. Plaintiff testified that he loaned to defendant the sum of $2,000, and that it was accomplished in the following manner: Plaintiff entered into a written agreement to sell to one Estes certain lots and a house in the City of Portland for $3,300, the property being then encumbered by a mortgage of $1,400; that Estes paid $200 on execution of the contract; that at the request of the defendant plaintiff conveyed the property in question to him, with the understanding and agreement that it would be reconveyed by defendant to Estes, and from the proceeds of the sale the mortgage should be satisfied, the balance to be retained by him as a loan; and that pursuant to this agreement the defendant deeded the property to Estes and received from him the balance of the contract price, viz., $3,100, paid the mortgage indebtedness of $1,400, and had left a balance of $1,700. Plaintiff testified that he paid defendant the $200 which he received from Estes upon execution of the contract and thereafter paid an additional sum of $100, thereby completing the loan of $2,000. Plaintiff further testified that at the time of this alleged loan to his son-in-law, the defendant herein, it was agreed the money would be repaid to him on demand. We believe this evidence constituted a *prima facie* case of money loaned, and therefore was a matter for the jury to determine. It was

the act of plaintiff in conveying the property to the defendant that made it possible for him to obtain the money paid by Estes. This transaction, in our opinion, constitutes a loan, as much so as if the plaintiff had consummated his original deal with Estes, and, from the proceeds of the sale, had paid the money directly to the defendant. Defendant admits receiving from Estes and the plaintiff the amount claimed, but asserts the plaintiff conveyed this property to him in consideration of an assignment of his one-third interest in a contract of sale of land in eastern Oregon, and that there was a resale by him of the city lots to Estes. Plaintiff claims the contract of sale was assigned to him as security for the loan.

2. The respective theories of the litigants were submitted to the jury under proper instructions, and its findings in reference thereto are final and conclusive on this court.

The order vacating judgment and granting a new trial is reversed and the cause remanded, with direction to enter judgment against the defendant for the sum of $2,000, together with interest thereon at the rate of 6 per cent per annum from October 7, 1920.

REVERSED AND REMANDED. REHEARING DENIED.
McBRIDE, C. J., and BEAN and BROWN, JJ., concur.